**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRENDA BEZA,<br><br>*Plaintiff*,<br><br>v.<br><br>OCEANIA UNIVERSITY OF MEDICINE,<br><br>*Defendant*. | No. 1:25-cv-14253<br><br>Judge Lindsay C. Jenkins |

**DEFENDANT OCEANIA UNIVERSITY OF MEDICINE'S**
**INITIAL STATUS REPORT**

Pursuant to the Court's Order issued on October 14, 2026 (Dkt. No. 32), Defendant Oceania University of Medicine ("OUM") respectfully submits this Initial Status Report.[1]

1. **The Nature of the Case**:

A. Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

**OUM:**
Kristin J. Achterhof [Lead trial attorney]
Julia L. Mazur
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661
(312) 902-5200
kristin.achterhof@kattenlaw.com
julia.mazur@katten.com

B. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.

Plaintiff's claims include breach of contract, breach of implied contract, fraud in the inducement, fraudulent concealment,

[1] On October 16, 2026, counsel for OUM requested that Plaintiff's counsel provide its availability to participate in a Rule 26(f) conference and provide its draft of the Initial Status Report. Plaintiff's counsel did not respond. OUM's counsel then followed up requesting Plaintiff's portion of the Initial Status Report on October 20, 2026, but as of the time of filing, it still has received no response.

violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, negligence, breach of fiduciary duty, negligence per se, and unjust enrichment.

Currently, there are no counterclaims or third party claims.

C. Briefly identify the major legal and factual issues in the case.

**<u>OUM's Position</u>:** Plaintiff's suit challenges OUM's academic judgment that Plaintiff had not demonstrated sufficient proficiency to advance toward clinical rotations and, ultimately, the practice of medicine. OUM recommended Plaintiff's dismissal from its Doctor of Medicine program after she failed to achieve a passing score on a standardized, nationally recognized assessment of readiness for the United States Medical Licensing Examination after three attempts. She was provided an additional opportunity to pass the test, but did not. When she was informed that the Student Affairs Committee would likely recommend her case to the academic board to discuss her dismissal rather than provide her with a fifth opportunity to take the exam, she withdrew. The legal issues include the terms of the alleged express or implied contract; whether OUM breached such contract, including whether OUM acted arbitrarily, capriciously, or in bad faith; whether OUM owed Plaintiff a fiduciary duty that was breached or can support a fraudulent concealment claim; whether Plaintiff suffered any losses beyond those flowing from the alleged contractual relationship; whether there is any basis to impose strict liability against OUM; and whether Illinois law permits Plaintiff to seek the remedies she requests. When Plaintiff became aware of the testing performance thresholds, how she acted in response to thresholds, and whether she can establish the claimed damages will also be key issues in the case.

D. State the relief sought by any of the parties.

Plaintiff seeks compensatory damages exceeding $6,000,000; punitive damages; restitution and disgorgement of unjust enrichment; pre- and post-judgment interest; attorneys' fees and costs pursuant to applicable law; injunctive relief requiring correction of academic records and issuance of a neutral reference; and any other relief the Court deems just and proper.

Currently, OUM seeks dismissal of the lawsuit against it and any relief the Court may deem appropriate.

2. **Jurisdiction**: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).

A. Identify all federal statutes on which federal question jurisdiction is based.

None.

B. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:

(1) State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).

The amount in controversy as alleged in the Complaint exceeds the jurisdictional threshold.

(2) Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.
**NOTE 1:** Individuals are citizens of the state where they are domiciled; that may or may not be the state where they currently reside. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).

**NOTE 2**: A supplement to the statement of the basis for federal jurisdiction shall be filed within 14 days of any change in the information provided in the Initial Status Report.

**OUM's citizenship:** OUM is a citizen of Samoa.

3. **Status of Service**: Identify any defendants that have not been served.

None.

4. **Consent to Proceed Before a United States Magistrate Judge**: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent.

OUM has been advised that it may proceed before a Magistrate Judge. As Plaintiff's counsel has not responded to our requests to confer or jointly file this report, any unanimous consent would be impossible.

5. **Motions**:

A. Briefly describe any pending motions.

On October 9, 2026, OUM filed a motion to dismiss all counts of Plaintiff's Complaint with prejudice for failing to state a claim upon which relief can be granted. (Dkt. No. 29–30, OUM's "Motion to Dismiss.")

B. State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.

OUM responded to Plaintiff's Complaint by filing its Motion to Dismiss.

6. **Case Plan**:

A. Submit a proposal for a discovery plan, including the following information:

(1) The general type of discovery needed;

OUM will need discovery from Plaintiff on at least the following topics: (i) the existence and terms of the agreements alleged by Plaintiff; (ii) alleged duties owed by OUM to Plaintiff and the bases for those duties; (iii) why Plaintiff decided to withdraw from OUM and not pursue the appeal or similar procedures; (iv) Plaintiff's knowledge of OUM policies and procedures, including testing performance thresholds; (v) the manner in which Plaintiff maintained awareness of OUM's policies and procedures; (vi) steps Plaintiff took to mitigate her damages; (vii) Plaintiff's claimed damages.

(2) A date for Rule 26(a)(1) disclosures;

(3) First date by which to issue written discovery;

(4) A date for any amendments to the pleadings;

(5) A fact discovery completion date;

(6) An expert discovery completion date, including dates for the delivery of expert reports; and

(7) A date for the filing of dispositive motions.

OUM proposes the following discovery schedule:

| **Event** | **OUM Proposed Deadline** |
|---|---|
| Rule 26(a)(1) disclosures | November 9, 2026 |
| First sets of written discovery to be served | November 23, 2026 |
| Amendment to the pleadings | November 30, 2026 |
| Fact discovery completion | March 24, 2027 |
| Initial expert reports (for which a party bears the burden of proof) | April 21, 2027 |
| Rebuttal expert reports | May 19, 2027 |
| Expert discovery completion | June 9, 2027 |
| Dispositive motions | July 14, 2027 |

B. With respect to trial, indicate the following:

(1) Whether a jury trial is requested; and

(2) The probable length of trial.

Plaintiff requested a trial by jury. At this time, OUM estimates the length of trial to be four days.

7. **Status of Settlement Discussions**:

A. Indicate whether any settlement discussions have occurred;

B. Describe the status of any settlement discussions; and

C. Whether the parties request a settlement conference.

Plaintiff has not communicated any settlement demand, and no settlement discussions have occurred.

Dated: October 20, 2026

Respectfully submitted,

/s/ Kristin J. Achterhof
Kristin J. Achterhof
Julia L. Mazur
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
kristin.achterhof@katten.com
julia.mazur@katten.com

*Attorneys for Defendant Oceania University of Medicine*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2026, I caused the foregoing to be filed via the Court's CM/ECF system, which will send electronic notice to all attorneys of record.

/s/ Kristin J. Achterhof