**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRENDA BEZA,<br><br>Plaintiff,<br><br>v.<br><br>OCEANIA UNIVERSITY OF MEDICINE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 25-cv-14253<br><br>Judge Lindsay C. Jenkins |

**DEFENDANT OCEANIA UNIVERSITY OF MEDICINE'S**
**REPLY IN SUPPORT OF ITS**
**RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TABLE OF CONTENTS**

**Page**


I. Introduction ........ 1

II. Background and Legal Standard ........ 1

III. Argument: Amendment of the Complaint would be futile. ........ 2

A. Plaintiff acknowledges deficiencies in each count but identifies no facts that would cure them. ........ 3

B. Counts VI and VII fail as a matter of law, and no amendment can save them. ........ 5

C. Attaching the referenced exhibits would not cure Counts I, III, and V. ........ 6

1. The exhibits cannot fix the legal defects in Counts I, III, and V. ........ 6

2. If the Court grants leave, it should be limited. ........ 7

IV. Conclusion ........ 8

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Advent Elecs., Inc. v. Buckman*,
918 F. Supp. 260 (N.D. Ill. 1996) ....................7

*Avery v. State Farm Mut. Auto. Ins. Co.*,
835 N.E.2d 801 (Ill. 2005) ....................7

*Bilut v. Nw. Univ.*,
645 N.E.2d 536 (Ill. App. Ct. 1994) ....................6

*Bower v. Jones*,
978 F.2d 1004 (7th Cir. 1992) ....................2

*E.E.O.C. v. Concentra Health Servs., Inc.*,
496 F.3d 773 (7th Cir. 2007) ....................2

*James Cape & Sons Co. v. PCC Const. Co.*,
453 F.3d 396 (7th Cir. 2006) ....................5

*Kane v. Loyola Univ. of Chicago*,
No. 22 CV 6476, 2024 WL 1157396 (N.D. Ill. Mar. 18, 2024) ....................6

*Phillips v. DePaul Univ.*,
No. 12 CH 3523, 2012 WL 4000001 (Ill. Cir. Ct. Sep. 11, 2012) ....................6

*Waugh v. Morgan Stanley & Co.*,
966 N.E.2d 540 (Ill. App. Ct. 2012) ....................5

*Webb v. Frawley*,
906 F.3d 569 (7th Cir. 2018) ....................5

## Statutes

Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1
*et seq.* ....................3, 4, 7

## Rules

Fed. R. Civ. P. 9(b) ....................1, 3, 7

Fed. R. Civ. P. 11 ....................4, 5

Fed. R. Civ. P. 15 ....................1, 2

Pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure, Defendant Oceania University of Medicine ("OUM") submits this Reply in further support of its Motion to Dismiss Counts I–IX of the Complaint brought by Plaintiff Brenda Beza ("Plaintiff") (Dkt. Nos. 29–31, collectively, the "Motion"), and in response to Plaintiff's Memorandum in Opposition (Dkt. No. 35, "Opposition" or "Opp.").

## I. **Introduction**

OUM exercised its academic judgment when it set test performance requirements and required that its students—including Plaintiff—comply with those requirements. Plaintiff refused to accept or acknowledge those requirements. She then sued OUM, alleging various causes of action, including breach of contract, fraud, statutory consumer fraud, negligence, breach of fiduciary duty, and others. OUM's Motion shows that each count fails as a matter of law. The Opposition does not meaningfully dispute those showings. Instead, Plaintiff acknowledges a pleading deficiency in each of the nine counts and admits that not "every count can necessarily be rescued." (Opp. 9.)

The Opposition's principal request is for leave to amend. In support, Plaintiff offers two things: (1) conditional statements that describe the *categories* of facts a viable claim would need, without saying she can allege any of them; and (2) an offer to attach exhibits that her Complaint cites, but that she never filed or otherwise provided to OUM, despite OUM's repeated requests. Neither is sufficient. Plaintiff identifies no new facts and no viable theory of liability. Amendment would be futile, and the Complaint should be dismissed with prejudice.

## II. **Background and Legal Standard**

Plaintiff could have amended as a matter of course within 21 days of service of the Motion, that is, by October 30. Fed. R. Civ. P. 15(a)(1). (*See* Dkt. No. 29.) She did not do so.

Although Plaintiff did not style her Opposition as a motion, it requests leave to amend, so Plaintiff now needs the Court's permission under Rule 15(a)(2).

While courts "should freely give leave when justice so requires," they need not do so when amendment would be futile. Fed. R. Civ. P. 15(a)(2); *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992). An amendment is futile if it: (1) "merely restates the same facts using different language, or reasserts a claim previously determined;" or (2) "fails to state a valid theory of liability." *Bower*, 978 F.2d at 1008. "[I]t is not enough for a complaint to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that 'raise a right to relief above the speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 777 (7th Cir. 2007) (cleaned up). A plaintiff seeking leave to amend should therefore indicate how an amendment would cure the identified defects.

## III. Argument: Amendment of the Complaint would be futile.

Plaintiff acknowledges deficiencies in her Complaint, yet she identifies no new facts that she would allege in an amended complaint. For Count VI (negligence) and Count VII (breach of fiduciary duty), she identifies no legal theory under which those claims are cognizable in Illinois. For the remaining counts, her only proposal is to attach exhibits already referenced in the Complaint but never filed (or otherwise provided to OUM), along with unidentified "authenticated materials."[1] Plaintiff seeks leave to do so for only three counts: Count I (breach of

[1] Plaintiff's Opposition seems to suggest that OUM did not file the Declaration referenced in OUM's Memorandum of Law in support of its Motion. (*See* Opp. 4 ("Defendant's declaration is described in its memorandum, but the separate exhibit itself was not among the materials supplied for preparation of this response; the precise language and completeness should be checked against the docket before filing.")) To clarify, OUM did file the Declaration as Exhibit 1 (Dkt. No. 31); *instead, it appears plausible that Plaintiff's counsel may not have provided the Declaration to a generative AI tool or other assistant used to prepare the* Opposition (i.e., because it "was not among the materials *supplied* for preparation of this response," and the tool or other assistant cautioned Plaintiff that "the precise language and completeness *should be checked against the docket before filing*").

contract); Count III (fraud in the inducement); and Count V (violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et seq. ("ICFA")). Notably, Plaintiff never specifically identifies the documents she would attach or explains how they would supply facts that cure the defects OUM identified.

### A. Plaintiff acknowledges deficiencies in each count but identifies no facts that would cure them.

In her Opposition, Plaintiff admits there may be deficiencies in ***each*** of the counts alleged in her Complaint.

- **Count I (Breach of Contract):** "Defendant correctly identifies a vulnerability: the complaint does not supply verbatim handbook language, applicable editions, or the documents themselves . . . [caselaw] demands more than an abstract promise of fairness . . . ." (Opp. 3.)
- **Count II (Implied Contract):** "The count should be understood as an alternative implied-in-fact contract claim only insofar as it identifies specific promises not conclusively governed by an enforceable express agreement. If its current language is duplicative, leave to replead distinctly, or to consolidate it with Count I, is preferable . . . ." (*Id.* at 2.)
- **Counts III–V (Fraud-Based Claims):** "Rule 9(b) requires more than the general chronology and paraphrases now alleged. The complaint does not consistently state the specific words, date or approximate date, communication medium, speaker, and particular payment or enrollment decision attributable to each representation." (*Id.* at 5.)

- **Count IV (Fraudulent Concealment):** "To the extent Count IV rests exclusively on nondisclosure, Plaintiff must allege facts supporting a recognized duty to speak . . . ." (Opp. 6, Sect. III.C.)
- **Count V (ICFA):** ". . . the precise advertising and communications should be pleaded with the particularity appropriate to a deceptive-practices theory. Any amended pleading should also clarify the Illinois nexus and which asserted expenditures were paid to OUM rather than third-party vendors." (*Id.*)
- **Count VI (Negligence):** "If Count VI lacks a duty independent of contract and a legally cognizable tort injury, the Court may dismiss that count while preserving Count I; Plaintiff alternatively requests leave only if a viable independent duty and injury can be supported." (*Id.* at 7.)
- **Count VII (Breach of Fiduciary Duty):** "If a more particular relationship of entrustment and accepted fiduciary responsibility can be alleged consistently with Rule 11 . . . ." (*Id.*)
- **Count VIII (Negligence Per Se / Strict Liability):** "Count VIII references accreditation and consumer standards without specifying an applicable statute that creates the asserted standard of care . . . Illinois does not automatically treat every regulatory or industry-standard violation as a freestanding 'negligence per se' action or strict-liability claim." (*Id.*)
- **Count IX (Unjust Enrichment):** "Count IX is properly considered, if at all, in the alternative . . . [a]n unjust-enrichment theory ordinarily cannot displace an enforceable express contract governing the same benefit." (*Id.* at 8.)

These statements do not respond to the grounds for dismissal; they acknowledge them. The Opposition does not state that Plaintiff can allege the facts she recognizes are required. Each proposed cure is framed conditionally: "if" a duty can be supported, "if" a relationship of entrustment "can be alleged consistently with Rule 11," or "to the extent" a theory survives. Plaintiff describes what an adequate pleading would need to contain, but not that she can supply it. In sum, the Opposition reads like an instruction manual.

Apart from vaguely referring to documents she would file with an amended complaint for three claims, Plaintiff provides no facts and does not otherwise explain how an amended complaint would not "suffer the same fatal flaws" as her original Complaint. *James Cape & Sons Co. v. PCC Const. Co.*, 453 F.3d 396, 401 (7th Cir. 2006). As such, denial of leave is proper, because "[d]istrict court judges are not mind readers, and should not be required to explain to parties whether or how their complaints could be drafted to survive a motion to dismiss." *Id.*; *see also Webb v. Frawley*, 906 F.3d 569, 582 (7th Cir. 2018) (applying *James Cape & Sons* to dismiss fraud claim without leave to amend). Because Plaintiff has not identified facts that would cure the deficiencies, her claims should be dismissed with prejudice.

**B. Counts VI and VII fail as a matter of law, and no amendment can save them.**

Counts VI (Negligence) and VII (Breach of Fiduciary Duty) fail not for lack of detail, but because Illinois law does not recognize them. Additional factual allegations would not change that result.

*Count VI.* Educational malpractice is not a valid claim under Illinois law, regardless of whether it is characterized as an "administrative mismanagement" claim. *See, e.g.*, *Waugh v. Morgan Stanley & Co.*, 966 N.E.2d 540, 549, 553–54 (Ill. App. Ct. 2012). Indeed, Plaintiff appears to concede this point. (*See* Opp. 7.) Further, Plaintiff acknowledges that the Moorman economic-loss doctrine generally bars tort recovery for the losses she seeks. (*Id.* at 7.) Plaintiff's

Opposition is silent on why *Moorman* should not apply. (*See id.*) Indeed, the Opposition acknowledges that the Court may dismiss Count VI. (*Id.* ("[T]he Court may dismiss that count while preserving Count I.").)

*Count VII.* Illinois law does not recognize a fiduciary relationship between a student and an educational institution. *See, e.g.*, *Phillips v. DePaul Univ.*, No. 12 CH 3523, 2012 WL 4000001, at *Sect. 2 (Ill. Cir. Ct. Sep. 11, 2012) ("There is no Illinois authority finding that a fiduciary relationship exists between a student and an educational institution."); *Kane v. Loyola Univ. of Chicago*, No. 22 CV 6476, 2024 WL 1157396, at *17 (N.D. Ill. Mar. 18, 2024) ("There appears to be no Illinois authority recognizing a fiduciary duty between college-aged students and the educational institutions they attend."). Plaintiff cites no contrary authority. (*See* Opp. 7.)

No amendment can create a legal basis for Plaintiff's negligence and breach of fiduciary duty claims. OUM respectfully requests that the Court dismiss Counts VI and VII with prejudice.

**C. Attaching the referenced exhibits would not cure Counts I, III, and V.**

1. <u>The exhibits cannot fix the legal defects in Counts I, III, and V.</u>

In her Opposition, Plaintiff's only concrete proposal is to attach documents to an amended complaint in support of Counts I, III, and V. The defects in those counts, however, are legal rather than evidentiary. Attaching documents would not cure them.

*Count I (Breach of Express Contract).* Plaintiff failed to sufficiently allege that OUM acted arbitrarily, capriciously, or in bad faith toward *her*—a requirement to avoid dismissal of a breach of contract claim against a university. *See, e.g., Bilut v. Nw. Univ.*, 645 N.E.2d 536, 542–43 (Ill. App. Ct. 1994) (finding the plaintiff failed to show university acted arbitrarily or capriciously in determining her dissertation was unacceptable). Plaintiff does not explain how the referenced Exhibits would cure this deficiency.

*Count III (Fraud in the Inducement).* Count III references an email and Zoom discussions. (Compl. ¶ 60.) Apart from an email, Plaintiff does not specify what other materials she could file with an amended complaint. (*See* Opp. 5.) Even assuming an email could meet the Rule 9(b) heightened pleading standard, Plaintiff appears to be maintaining a theory of fraud based on a promise of future conduct, e.g., that she would not be dismissed from the program based on her USMLE or NBME test results. (*See id.*) A promise of future conduct does not support a fraud claim under Illinois law, and amendment of such a claim is futile. *See Advent Elecs., Inc. v. Buckman*, 918 F. Supp. 260, 265 (N.D. Ill. 1996) (finding amendment of promissory fraud claim was futile).

*Count V (ICFA).* Plaintiff concedes that Count V requires the "precise advertising and communications" to support her claim. (*See* Opp. 6.) Yet Plaintiff never states that she actually has such documents and can plead this claim with particularity under Rule 9(b), nor does she explain how she could replead in a manner that would allege an ICFA violation distinct from her breach of contract claims. *See Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 844 (Ill. 2005). Amendment of Count V would be futile.

2. If the Court grants leave, it should be limited.

Plaintiff has already had the opportunity to file Exhibits A, C, D, and E, which are referenced in the Complaint. Indeed, OUM's counsel—prior to filing the Motion to Dismiss—repeatedly asked Plaintiff to file the Exhibits referenced in the Complaint. (*See* Dkt. No. 30 at 2, n.1.) Despite promising to do so, Plaintiff never did. (*See id.*) As a result, OUM briefed its Motion without the benefit of the documents on which Plaintiff's claims are based. Plaintiff's deadline to amend as of right has since passed.

Permitting amendment now undoubtedly will require OUM to brief a second motion to dismiss, delay resolution of the claims, and impose additional costs that could have been

avoided. If the Court is inclined to grant leave, OUM respectfully requests that the Court limit any amendment to attaching the referenced exhibits in support of Counts I, III, and V, only. OUM reserves its right to seek fees and costs if the amended pleading fails to cure the deficiencies identified here and OUM must again move to dismiss.

## IV. Conclusion

Plaintiff acknowledges deficiencies in each count of her Complaint, identifies no facts that would cure them, and offers no authority supporting the claims Illinois law does not recognize. OUM respectfully requests that the Court grant its Motion to Dismiss and dismiss the Complaint in its entirety with prejudice.

In the alternative, should the Court grant Plaintiff leave to amend, OUM respectfully requests that the Court: (1) dismiss Counts II, IV, and VI-IX with prejudice; and (2) limit any amendment to attaching the referenced exhibits in support of Counts I, III, and V.

Dated: November 13, 2026

Respectfully submitted,

/s/ Kristin J. Achterhof

Kristin J. Achterhof
Julia L. Mazur
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661
Telephone: (312) 902-5200
kristin.achterhof@katten.com
julia.mazur@katten.com

*Attorneys for Defendant Oceania University of Medicine*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2026, I caused the foregoing to be filed via the Court's CM/ECF system, which will send electronic notice to all attorneys of record.

/s/ Kristin J. Achterhof